CAUSE NO. 12-05-27505MCVAJA

| | |
|---|---|
| HOMERO VALADEZ AND DIMAS SANCHEZ | IN THE DISTRICT COURT |
| VS. | 365TH JUDICIAL DISTRICT |
| GOLDING TRANSPORT INC. | MAVERICK COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION (WITH DISCOVERY)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Homero Valadez and Dimas Sanchez file this Plaintiffs' Original Petition, complaining of Defendant Golding Transport Inc. For cause of action, Plaintiffs would show the Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiffs Homero Valadez and Dimas Sanchez are individual residing in Maverick County, Texas.

Defendant Golding Transport Inc, is a corporation in North Carolina, and may be served through its process agent Anna Solomon, All States Truck Accounting, at 436 N. Schley, Hereford TX, 79045.

### III.

### VENUE

Venue is proper in Maverick County because the Plaintiff resided at the time of the accrual of the cause of action. Texas Civ. Prac. & Rem. Code § 15.002(a)(4).

Defendant is subject to jurisdiction in the State of Texas because it consented to jurisdiction by designating an agent under the Federal Motor Carrier Act, 49 U.S.C. § 13304. *See Ocepek v.*

MAY 2 3 2012


EXHIBIT
A

*Corporate Transport, Inc.*, 950 F.2d 556, 559 (8th Cir. 1991) (holding that New York Motor Carrier consented to jurisdiction in Missouri for Ohio accident by designating an agent under the Motor Carrier Act). Defendant filed a form BOC-3 with the Federal Motor Carrier Safety Administration making a blanket designation naming Oklahoma Truck Plates and Process Agents, LLC, which included designating Anna Solomon as its agent in Texas.

Defendant filed a form FCF-20210 for a general commodity authorization for all 48 states, including Texas

## IV.

## FACTS

Defendant Golding Transport Inc. is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant hired, qualified, and retained James Welker as a truck driver. At all times relevant to this lawsuit, James Welker was acting in the course and scope of his actual and/or statutory employment with Defendant Golding Transport Inc.

On and about February 9 , 2011, Plaintiff Homero Valadez was at a stop east bound on Interstate 30, Malvern, Hot Spring County Arkansas. James Welker, in the course and scope of his employment with Defendant Golding Transport Inc,. was traveling on the same road. Welker failed to control the vehicle and collided with another vehicle, which in turn collided with the Plaintiff's vehicle, hence caused multiple vehicle collision. Plaintiff was injured in the collision.

## V.

## CAUSE OF ACTION

James Welker was negligent in the operation of the tractor-trailer. Specifically, James Welker failed to control the vehicle. As a direct and proximate result of this negligence, Plaintiffs sustained personal injuries. Defendant Golding Transport Inc. is vicariously liable for the negligence of James Welker under the statutory employment doctrine as well as the doctrine of respondeat superior.

Based on the facts of this wreck, it appears that James Welker may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that Defendant Golding Transport Inc. may have been negligent in its entrustment of a tractor-trailer to James Welker, and

in the qualification, hiring, training, supervision, and retention of James Welker.

## VI.

## DAMAGES

Plaintiffs seek to recover the following elements of damages, which were proximately caused by Defendant's negligence:

1. Medical care, past and future;

2. Lost wages and earning capacity, past and future;

3. Physical impairment, past and future;

4. Physical pain, emotional distress, and mental anguish, past and future; and

5. Disfigurement, past and future.

Plaintiffs also seek to recover prejudgment interest, post-judgment interest, and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00.

## VII.

## REQUEST FOR DISCLOSURE

Defendant Golding Transport Inc. is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## VIII.

## INTERROGATORIES TO DEFENDANT GOLDING TRANSPORT INC.

Plaintiffs, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant Golding Transport Inc.. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiffs also request that Defendant continue to supplement its responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.    Please state, in detail, how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2.    Please state the positions held, general job descriptions, and lengths of employment of James Welker at the time of the collision in question.

RESPONSE:

**Interrogatory 3.** Please state the full extent of any training, education, or experience concerning driving techniques or principles James Welker has received.

**RESPONSE:**

**Interrogatory 4.** Please state the name, address, and telephone number of any person who you may call to testify at trial, including but not limited to any rebuttal or impeaching witnesses who may be called at trial.

**RESPONSE:**

**Interrogatory 5.** Was James Welker acting in the course and scope of his employment with Golding Transport Inc. at the time of the collision made the basis of this lawsuit? If you are contending that James Welker was not acting in the course and scope of employment for Golding Transport Inc. at the time of the collision, please state exactly why you are making such contention.

**RESPONSE:**

**Interrogatory 6.** If the vehicle driven by James Welker that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

**RESPONSE:**

**Interrogatory 7.** Please list all traffic accidents in which James Welker has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

**RESPONSE:**

**Interrogatory 8.** Please give a description of all traffic violations for which James Welker has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

**RESPONSE:**

**Interrogatory 9.** Please state whether or not, in the one year prior to, or since, the wreck made the basis of this lawsuit there have been any repairs, changes or modifications performed upon any of the vehicles (including trailers) which were involved in the collision in question. If so, please describe the full extent of any such repairs, changes or modifications, when they took place, who performed the work and when it was done. (Please differentiate between the truck/tractor and trailer).

**RESPONSE:**

**Interrogatory 10.** With respect to collisions or accidents involving one of Golding Transport Inc.'s vehicles and/or a driver employed by you or under contract with Golding Transport Inc., please state:

    a.    When the driver is required to make a report and to whom;

    b.    A description of any written report required to be made by any person with Golding Transport Inc. and/or the driver;

  c. Where and in whose custody such reports are kept;

  d. When a driver must submit for a drug test by giving a urine sample; and

  e. When such report must be reported to the federal government.

**RESPONSE:**

**Interrogatory 11.**   Did James Welker receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If James Welker paid the ticket, did James Welker plead guilty? What court did James Welker have to appear in or call to resolve the citation or ticket?

**RESPONSE:**

**Interrogatory 12.**   Do you contend that someone other than James Welker (including but not limited to Plaintiffs) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

**RESPONSE:**

**Interrogatory 13.**   Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

**RESPONSE:**

**Interrogatory 14:**   What does Golding Transport Inc. do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If Golding Transport Inc. uses any type of computer program or third-party service to audit logs, please identify the program or service.

**RESPONSE:**

**Interrogatory 15:**   Does Golding Transport Inc. use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

**RESPONSE:**

## IX.

## REQUESTS FOR PRODUCTION

  Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiffs request that, within the time prescribed by law, Defendant Golding Transport Inc. produce and permit Plaintiffs to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiffs

request that Defendant produce the documents at the office of The Cowen Law Group, 62 E. Price

Road, Brownsville, Texas 78521.

1.   Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

   RESPONSE:

2.   Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

   RESPONSE:

3.   Any and all photographs of the scene of the collision in question.

   RESPONSE:

4.   Any and all photographs that you intend to use at trial.

   RESPONSE:

5.   All correspondence and other documents sent to any expert.

   RESPONSE:

6.   All correspondence and other documents received from any expert.

   RESPONSE:

7.   Any and all photographs, videotapes or other depictions of Plaintiffs.

   RESPONSE:

8.   Any and all photographs, videotapes or other depictions of James Welker.

   RESPONSE:

9.   Any and all witness statements.

   RESPONSE:

10.   Any and all statements from Plaintiffs.

   RESPONSE:

11.   Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

   RESPONSE:

12.   Any and all documents related to James Welker's employment with Golding Transport Inc..

   RESPONSE:

13. Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

RESPONSE:

14. Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by James Welker relating to his employment with Golding Transport Inc..

RESPONSE:

15. Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

RESPONSE:

16. Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

RESPONSE:

17. Any written, taped or mechanically reproduced statement heretofore made of Plaintiffs, Defendants, and/or Defendants' agents or employees.

RESPONSE:

18. Any records or documentation (medical or non-medical) concerning James Welker that would indicate whether James Welker was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

RESPONSE:

19. Any records or documentation (medical or non-medical) concerning James Welker that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

RESPONSE:

20. Any records or documentation (medical or non-medical) that would indicate that James Welker was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

RESPONSE:

21. A photostatic copy of the front and back of James Welker's current driver's license and any commercial license.

RESPONSE:

22. A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

RESPONSE:

23. Any documentation concerning James Welker involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

RESPONSE:

24. All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by James Welker at the time of the collision in question.

RESPONSE:

25. All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that James Welker was an unsafe driver.

RESPONSE:

26. All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

RESPONSE:

27. Any written, taped, or mechanically reproduced/recorded statement, testimony or videotape of any person named in responsive discovery of any party either as someone with knowledge of relevant facts or as an expert.

RESPONSE:

28. Any reports, memoranda, documents or materials of any type containing information concerning any type of investigation (including, but not limited to obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements; surveillance, following, eavesdropping; or interviewing persons) of Plaintiffs or of any persons named in responsive discovery by any party as someone with knowledge of relevant facts or as an expert that was performed by, for, or on behalf of Defendant, its insurer(s), any adjusting company, or any investigator concerning any liability or damages claim of Plaintiffs as outlined in Plaintiffs' latest original or amended pleadings on file that were prepared before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.

RESPONSE:

29. Please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that were prepared by or received by you, your

agents, servants, employees, or representatives (including but not limited to insurance carriers, adjusting companies or investigators) before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case which reflect the following:

a. Whether Plaintiffs actually received or did not receive an injury as claimed in the latest original or amended pleadings on file;

b. The extent or duration of Plaintiffs' claimed physical or mental incapacity/injury, including any restrictions or lack of restrictions;

c. Plaintiffs' physical or mental condition before of after the collision in question;

d. The earning capacity of Plaintiffs before or after the collision in question;

e. Plaintiffs' ability or inability to work before or after the date of the collision in question;

f. Any indemnity reserve relating to the claimed injury of Plaintiffs;

g. Any investigation performed on behalf of Defendant concerning Plaintiffs, including but not limited to photographs, recorded statements, videotapes, background, criminal or credit records checks, surveillance, following, eavesdropping or interviewing persons;

h. Any advance payments made to Plaintiffs;

i. Evaluations or analyses of the character or personality of Plaintiffs, or any person named in responsive discovery of any party as a person with knowledge of relevant facts or as an expert witness, or an assessment of their abilities as a witness;

j. Evaluations or analyses of Plaintiffs and Plaintiff 's legal counsel, such as counsel's ability to evaluate settlement, liability, and damages, or counsel's legal experience, skills or expertise;

k. The settlement or potential judgment of this case;

l. Any recorded statement (written, verbal or otherwise) of any witness (factual or expert) named in discovery by any party;

m. Whether some person, party or entity other than Defendant caused or contributed to the occurrence in question.

RESPONSE:

30. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiffs prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

RESPONSE:

31. Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiffs.

RESPONSE:

32. Any insurance policies that provide, or may provide, coverage for the collision in question.

RESPONSE:

33. Any reservation of rights letters or non-waiver agreements.

RESPONSE:

34. Any cell phone bills that would show whether or not James Welker was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

RESPONSE:

35. Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

36. All expense receipts and reports submitted by James Welker for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

37. All incident reports generated by James Welker or Golding Transport Inc. regarding the collision at issue in this lawsuit.

RESPONSE:

38. If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, James Welker drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by James Welker for that time period.

RESPONSE:

39. James Welker's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

40. Golding Transport Inc.'s complete driver qualification file on James Welker.

RESPONSE:

41. All personnel files, accident files, and other files and documents that Golding Transport Inc. maintains or possesses regarding James Welker.

RESPONSE:

42. All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by James Welker during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

43.    All Qualcomm records and data regarding any vehicle operated by James Welker, and any communications to and from James Welker, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

44.    All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by James Welker during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

45.    All monthly log summary sheets for James Welker for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

46.    All notice of logging violations for James Welker for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

47.    The accident register for Golding Transport Inc..

48.    All safety performance history records regarding James Welker.

49.    All driver's vehicle inspection reports completed by James Welker for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

50.    All pretrip check lists completed by James Welker for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

51.    The vehicle accident kit issued to James Welker.

52.    An exemplar blank vehicle accident kit used by Golding Transport Inc..

53.    All dispatch and trip reports regarding any vehicle operated by James Welker for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

54.    All trip cost report envelopes for any vehicle operated by James Welker for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

55.    All OmniTRACS data regarding any vehicle operated by James Welker for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation be issued and Defendans be served, and upon trial on the merits the Court enter judgment for Plaintiffs and against Defendant for actual damages, together with prejudgment interest, post judgment interest, and court costs.

Respectfully submitted,

Michael Cowen
Texas Bar No. 00795306
Lucia Ceaser
Texas Bar No. 24074016
THE COWEN LAW GROUP
62 E. Price Road
Brownsville, Texas (956) 541-4981
Telephone: (956) 541-4981
Facsimile: (956) 504-3674